IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM ETTA BAILEY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ZWICKER & ASSOCIATES, P.C. )<br>)<br>Defendant. )<br>_____ ) | Case No. _____<br><br>**Jury Trial Demanded** |

WEISBERG & MEYERS, LLC
Ronald S. Weiss (P48762)
7035 Orchard Lake Road, Suite 600
West Bloomfield, MI 48322
RWeiss@AttorneysForConsumers.com
(888) 595-9111 ext. 230
(866) 565-1327 Fax
*Lead Counsel for Plaintiff*

**Correspondence address**
Weisberg & Meyers, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012

_____

## NATURE OF ACTION

1.  This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.  Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where

Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, William Etta Bailey ("Plaintiff"), is a natural person who at all relevant times resided in the State of Michigan, County of Wayne, and City of Detroit.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Zwicker & Associates, P.C. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly

collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with collection of an alleged debt, Defendant via its agent(s) and/or employee(s), caused Plaintiff's residential telephone to ring repeatedly and continuously, on no fewer than ten (10) occasions over a period of three (3) days, and at least seven occasions (7) on a single day, including but not limited to calls on May 10, 2011 at 8:30 A.M., May 10, 2011 at 8:10 P.M., May 11, 2011 at 8:00 A.M., May 11, 2011 at 8:04 A.M., May 11, 2011 at 8:31 A.M., May 11, 2011 at 8:38 A.M., May 11, 2011 at 8:54 A.M., May 11, 2011 at 3:35 P.M., May 11, 2011 at 7:46 P.M., and May 12, 2011 at 2:46 P.M. with the intent to harass, annoy or abuse Plaintiff. (15 U.S.C. § 1692d(5)).

12. In connection with collection of an alleged debt, Defendant placed a call to Plaintiff's residential telephone on April 9, 2011 at 8:04 A.M., May 11, 2011 at 8:00 A.M., May 11, 2011 at 8:04 A.M., May 11, 2011 at 8:31 A.M., and May 11, 2011 at 8:38 A.M., and in each such instance, Defendant caused it's identity to be disguised as "Private," and as such, failed to disclose Defendant's true corporate or business name in a communication to Plaintiff, and further constituting a false representation and deceptive practice utilized by Defendant in order to entice Plaintiff to communicate with a debt collector. (15 U.S.C. §§ 1692d(6), 1692e(10), 1692f).

13. In connection with collection of an alleged debt, Defendant, via its agent

and or employee, placed a call to Plaintiff's residence on December 2, 2010 at 4:26 P.M., and at such time, threatened to put a lien against Plaintiff's house, an action Defendant did not intend to take. (15 U.S.C. §§ 1692e(5), 1692f).

14. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

15. Plaintiff repeats and re-alleges each and every allegation contained above.

16. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and

proper.

## TRIAL BY JURY

17. Plaintiff is entitled to and hereby demands a trial by jury.

This 3rd day of August, 2011.

        WEISBERG & MEYERS, LLC

        /s/ Ronald S. Weiss
        Ronald S. Weiss
        Michigan Bar No. P48762
        7035 Orchard Lake Road, Suite 600
        West Bloomfield, MI 48322
        RWeiss@AttorneysForConsumers.com
        (888) 595-9111 ext. 230
        (866) 565-1327 Fax
        *Lead Counsel for Plaintiff*